IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No. CR-24-293-R |
| MEHRAN SORAYA, | ) ) | Violation: 18 U.S.C. § 1014 |
| Defendant. | ) ) | |

### INFORMATION

The United States Attorney charges:

#### Introduction

At all times relevant to this Information:

1. **MEHRAN SORAYA** was a resident of the Western District of Oklahoma.

2. **MEHRAN SORAYA** was the President and owner of The Republic of Nice, Inc. ("The Republic of Nice"), an Oklahoma corporation, which was located in Oklahoma City, Oklahoma.

#### The Paycheck Protection Program

3. The Paycheck Protection Program (PPP) was a COVID-19 pandemic relief program administered by the U.S. Small Business Administration (SBA) that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable and other bills

incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

4. To obtain a PPP loan, a qualifying business was required to submit a PPP Borrower Application Form (Form 2483), which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain a PPP loan. In the PPP loan application, the small business was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

5. A PPP loan application was processed by an SBA participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were guaranteed by the SBA.

6. PPP loan proceeds were required to be used on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness if the business spent the loan proceeds on these permissible expense items within a designated time period and used a certain portion of the loan towards payroll expenses.

7. INTRUST Bank N.A. ("Intrust Bank") was headquartered in Wichita, Kansas. Intrust Bank was a third-party participating lender in the PPP and a financial

institution as defined by 18 U.S.C. § 20 whose deposits were insured by the Federal Deposit Insurance Corporation (FDIC).

## COUNT 1
### (False Statement to a Financial Institution)

8. The United States Attorney incorporates paragraphs 1 through 7 by reference.

9. On or about April 14, 2020, **MEHRAN SORAYA** initialed and signed a PPP loan application. The PPP loan application falsely stated that The Republic of Nice had 20 employees when in truth it had less than 20 employees.

10. Additionally, on the PPP loan application, **MEHRAN SORAYA** falsely initialed the following statement: "The Applicant was in operation on February 15, 2020, and had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC."

11. On or about May 4, 2020, **MEHRAN SORAYA** caused the signed PPP loan application to be submitted to Intrust Bank for approval.

12. On or about May 4, 2020, in the Western District of Oklahoma and elsewhere,

---------------------------------------- **MEHRAN SORAYA** ----------------------------------------

knowingly and willfully made material false statements to Intrust Bank, a financial institution, the deposits of which were insured by the FDIC, for the purpose of influencing Intrust Bank to approve a PPP loan in the amount of $182,643. Specifically, **MEHRAN SORAYA** represented that The Republic of Nice had 20 employees, when in truth and in

fact, as the **MEHRAN SORAYA** well knew, that information was false. Further, **MEHRAN SORAYA** initialed a statement certifying that The Republic of Nice had paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC. **MEHRAN SORAYA** initialed this statement knowing it was false.

    All in violation of Title 18, United States Code, Section 1014.

ROBERT J. TROESTER
United States Attorney

*/s/ Bow Bottomly*

BOW BOTTOMLY
Assistant United States Attorney